PER CURIAM:

The judgment of conviction in this prosecution, under 50 U.S.C.App. § 462, for refusing to submit to induction into the Armed Forces, is affirmed. Ehlert v. United States, 401 U.S. ——, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), decided April 21, 1971.

This Court holds that there is substantial evidence on the record as a whole to support the Board's findings that the company interfered with, restrained and coerced its employees in the exercise of their rights under Section 7 of the Act, 29 U.S.C.A. § 157, in violation of 8(a) (1).

It is ordered that the order of the Board be and is hereby enforced.

The MAY DEPARTMENT STORES COMPANY, d/b/a O'Neil Company, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

Retail Clerks International Association, Local 698, AFL–CIO, Intervenor.

No. 20745.

United States Court of Appeals, Sixth Circuit.

April 16, 1971.

Lottie B. PHILLIPS, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellee,

Wiley Phillips, Third Party Claimant-Appellant.

No. 30802.

United States Court of Appeals, Fifth Circuit.

May 6, 1971.

Kenneth R. Millisor, Akron, Ohio, E. G. Kemp, Wise, Roetzel, Maxon, Kelly & Andress, Akron, Ohio, for petitioner.

Patricia Worthy, N.L.R.B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N.L.R.B., Washington, D. C., on the brief, for respondent.

Before MILLER and KENT, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM ORDER.

This case is before the Court on a petition for review and a cross-petition for enforcement of an order of the National Labor Relations Board. The Board's decisions and order are reported at 184 N.L.R.B. No. 68.

Vardaman S. Dunn, Jackson, Miss., O. B. Triplett, Jr., O. B. Triplett, III, Forest, Miss., William H. Cox, Jr., Jackson, Miss., for appellant.

S. Smith Bonner, Jackson, Miss., for Phillips.

Earl Keyes, Robert E. Hauberg, U. S. Attys., Daniel E. Lynn, Asst. U. S. Atty., for the United States.

Before TUTTLE, WISDOM, and INGRAHAM, Circuit Judges.

PER CURIAM:

This veteran's insurance claim having been presented to the trial court by stipulation of the parties on the record presented to the Board of Veterans Appeals, and the trial court having concluded